## THE TERRITORY OF HAWAII *v.* JENNIE D. SCHUMACHER.

### No. 2536.

ARGUED NOVEMBER 3, 1943.          DECIDED DECEMBER 20, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

The defendant was indicted for embezzlement of private property and found guilty by the jury. The trial judge, after sentencing her to the penitentiary, denied her motion for a new trial.

The defendant makes four assignments of error specifying that the trial judge erred in refusing to instruct the jury to return a verdict of not guilty, in receiving and filing their verdict of guilty, in imposing judgment and sentence upon the defendant and in denying her motion for a new trial. However, the assignments present but one question of law. It is whether there was adduced at the trial substantial evidence of guilt, the only conflict in the evidence being in respect to the proof of a fraudulent intent and conversion.

It is a well-settled principle of criminal law, requiring no citation of authorities, that a verdict of guilty will not be disturbed by an appellate court because of a mere conflict in the evidence where there is competent and

substantial evidence to support the verdict. And where twelve impartial jurors, sworn to render a true verdict, have found, after being instructed as to the law, that the evidence adduced at the trial has convinced them beyond a reasonable doubt that the defendant did commit the criminal act as charged in the indictment, the appellate court should examine the record with caution before it declares that no substantial evidence exists to support their verdict of guilty. This is especially true when the criminal act charged is that of embezzlement, which, by its very nature, is usually committed by evasion and subterfuge as well as by secret and equivocal means, bearing in mind that direct and positive proof of the act is not necessary.

The conflict here relates to the disposition of the money by the defendant. Her testimony is, briefly, that after she as clerk of court and statutory administratrix of small estates became lawfully possessed by order of court of the sum of $325.58, which was part of a small estate and which is the money charged to have been embezzled, she was directed by the court in its final order of distribution to deliver and pay the money to the sole beneficiary, but that instead she withdrew a like sum of money from cash on hand in the general till of the court safe and handed it to the then presiding judge at the judge's request to enable that official to pay the beneficiary, following which she withdrew the estate money from the bank and deposited it in the general till to replace the money delivered to the judge, and that she then made a record of payment to the beneficiary by an entry in ink on the official small estates docket of the court. The defendant further testified that no receipt from the judge was asked for or given, but that she related the transaction to one A. S. Ahana, the deputy auditor, who advised her to make a memorandum of it, which she did by a penciled notation opposite the ink entry.

With the exception of this ink entry and her withdrawal of the estate money from the bank, every detail of the defendant's testimony as to its disposition and her conduct in relation thereto is entirely without corroboration. On the other hand, in direct opposition is the testimony of the judge and the deputy auditor, who both categorically denied on rebuttal every phase of this part of the defendant's testimony regarding the transaction in so far as it relates to them. In further clash with the theory of an innocent disposition, there was brought out on cross-examination of the defendant evidence of acts of embezzlement committed by her in similar and contemporary small estates and other kindred court matters. Such is the bare outline of the conflict.

This court is not concerned with weighing conflicting evidence or passing upon the credibility of witnesses, nor will it trespass upon the function of determining the ultimate facts, which is within the exclusive province of the jury, they having resolved the conflict in favor of the Territory and against the defendant by their verdict of guilty. Suffice it, therefore, to point out that the evidence in conflict with the defendant's profession of innocence tends to show that the defendant neither delivered any money to the judge nor deposited the estate money in the general till, it being admitted that the money was not redeposited in the bank from which it was withdrawn or in any other bank or court depository, nor delivered to the person entitled thereto. This, in conjunction with her conduct of deceit and subterfuge in making an admittedly false entry in the permanent official record of the court after being ordered to pay the money to the beneficiary, together with her conduct of criminality in various other small estates and court matters as evidenced by her acts of embezzlement therein, not only tends to show that she conceived a fraudulent intent to convert the money to her own use

after its entrustment and after she withdrew it from the bank, but also tends to show that she converted it as well. This, if believed, would determine the guilt of the defendant, thereby justifying the patent exercise by the jury of their function as the sole judges of the weight of the evidence and the credibility of the witnesses and at the same time excluding any suggestion that they acted from passion, prejudice or other improper motive rather than upon the evidence in accordance with the instructions of the trial court as to the law.

It is thus crystal-clear from the record that there was substantial evidence before the jury, competent to warrant an inference of guilt. It follows therefrom that such evidence is competent and substantial to support the verdict of guilty in every element essential to the crime for which she was indicted and convicted. The duty of this court, therefore, is to uphold that verdict and consequently it will not be disturbed.

Judgment below is affirmed.

*C. B. Dwight* (also on the briefs) for defendant, plaintiff in error.

*H. B. Kidwell*, Deputy Attorney General, for the Territory.